# United States Bankruptcy Court
### Western District of Louisiana

In re    Phillip D. Nolen, Sr.  
       Kimberly D. Nolen                          Case No.  
                            Debtor(s)       Chapter    13

## CHAPTER 13 PLAN

1. <u>Payments to the Trustee</u>: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,750.00** per month for **60** months. The effective date of the plan is 180 days from the petition date

    Total of plan payments: $105,000.00

2. <u>Plan Length</u>: This plan is estimated to be for 60 months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

    a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328. Upon payment of the amount allowed by the Court as a secured claim in the Plan, the secured creditors included in the Plan shall be deemed to have their full claims satisfied and shall terminate any mortgage, lien or security interest on the Debtor's property which was in existence at the time of the filing of the Plan, or the Court may order termination of such mortgage, lien or security interest.

    b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

    c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

    a. Administrative Expenses  
    (1) Trustee's Fee:    10.00%  
    (2) Attorney's Fee (unpaid portion):    $2,621.00 to be paid through plan in monthly payments  
    (3) Filing Fee (unpaid portion):    NONE

    b. Priority Claims under 11 U.S.C. § 507

    (1) Domestic Support Obligations

    (a) Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

    (b) The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

         -NONE-

    (c) Anticipated Domestic Support Obligation Arrearage Claims. Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

    | Creditor (Name and Address) | Estimated arrearage claim | Projected monthly arrearage payment |
    |---|---|---|
    | -NONE- | | |

    (d) Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

         Claimant and proposed treatment:    -NONE-

(2) Other Priority Claims.

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

c. Secured Claims

(1) Pre-Confirmation Adequate Protection Payments. Pre-confirmation adequate protection payments to the following Creditors holding allowed claims secured by a purchase money security interest in personal property shall be paid by the Trustee through the plan as provided below. Adequate protection payments shall not accrue or be paid until the Creditor files a proof of claim. The principal amount of the Creditor's claim shall be reduced by the amount of the adequate protection payments remitted.

| Name | Description of Collateral | Pre-Confirmation Monthly Payment |
|---|---|---|
| Nissan Acceptance Co. | 2013 Nissan Sentra | 150.00 |

(2) Secured Debts Which Will Not Extend Beyond the Length of the Plan

(a) Secured Claims Subject to Valuation Under § 506. The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| C.P. E. Credit Union<br>1999 Toyota 4-runner | 3,009.60 | 63.34 | 4.25% |

(b) Secured Claims Not Subject to Valuation Under § 506. Each of the following claims, if allowed, shall be paid through the plan in equal monthly payments set forth below, until the amount of the claim as set forth in the Creditor's proof of claim has been paid in full.

| Name/Description of Collateral | Proposed Amount of Allowed Secured Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Nissan Acceptance Co.<br>2013 Nissan Sentra | 21,000.00 | 441.98 avg | 4.25% |

(3) Secured Debts Which Will Extend Beyond the Length of the Plan

Chase Mortgage Company holds a first mortgage on the debtors' residence. The on-going regular monthly payment of $1,020.00 is included in the plan payment. Trustee shall remit regular monthly on-going payments commencing with the August 2013 payment, continuing and including the last month of plan payments. Debtor will resume payments to Chase one month after plan paid out. On-going regular monthly payments shall only be applied to on-going regular monthly payments and shall not be applied to in arrearages pursuant to 11 USC 524(I). The mortgage payment includes escrow for property taxes & insurance.

Arrearages to the following named lien holders shall be paid in installments from funds available for distribution monthly, non-cumulative. Installments shall begin subsequent to payment of the administrative claims listed above and shall be sufficient to pay in full the arrearages upon completion of the plan:

a) Chase Mortgage Company has a claim for pre – petition arrears in the amount of $1,020.00 through May 2013 will be paid over the term of the plan.
b) Chase Mortgage Company has a claim for post – petition arrears in the amount of $2,040.00 for June and July of 2013, which will be paid over the term of the plan.

Confirmation of the plan shall impose an affirmative duty on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor(s) to do all of the following:

(i) To deem the mortgage contractually current as of the filing of this bankruptcy for the purpose of accounting for post-petition payments. This is subject to and contingent on successful completion of mortgage cure payments and regular monthly mortgage payments under the plan, and will preclude the imposition of late charges on other default related fees, charges or costs based solely on prepetition default.

(ii)     To apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearage. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(iii)     To apply the "on-going" post-petition monthly mortgage payments paid by the trustee or by the debtor(s) to the month in which each payment was designated to be made under the plan. The payments shall be applied only to the on-going monthly mortgage payments as designated, and to interest, principal and escrow only. Any post-petition monthly payment that may accrue between filing and the beginning month stated shall be treated as a post-petition arrearage {Subsection 5(2)} above. Any additional post-petition charges or assessments, (other than principal, interest, insurance and taxes), including, but not limited to miscellaneous cost, expenses, assessments, or other charges which increase Debtor's liability to the creditor, must be approved by the Court prior to being assessed to, charged to, or otherwise added to Debtor's account.

(iv)     Should there be an adjustment to the monthly note payment amount; the secured creditor must comply with Local Bankruptcy Rule 3002-1. [Failure to timely comply with notice requirements, which causes arrears to accrue may cause the creditor to be sanctioned for its non-compliance in a like amount, thereby making the account current, subject to and contingent upon successful completion of mortgage cure payments and regular month mortgage payments under the plan.]

(v)     If the debtor(s) pay the cure amount specified in Subsection 5(1) of the plan, or in such lesser amount as may be established by the creditors' proof of claim, while timely making all required post-petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of petition. At the conclusion of the plan, any remaining indebtedness will continue until paid in full.

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| Chase<br>Home<br>3056 Scarlett Dr.<br>Lake Charles, LA. 70611 | 152,498.00 | 1,020.00 | |

    d.   Unsecured Claims
       (1) Special Nonpriority Unsecured: Debts which are co-signed or are non-dischargeable shall be paid in full (100%).

| Name | Amount of Claim | Interest Rate (If specified) |
|---|---|---|
| -NONE- | | |

       (2) General Nonpriority Unsecured: Other unsecured debts shall be paid 0 cents on the dollar and paid pro rata, with no interest if the creditor has no Co-obligors, provided that where the amount or balance of any unsecured claim is less than $10.00 it may be paid in full.

5. The Debtor proposes to cure defaults to the following creditors by means of monthly payments by the trustee:

| Creditor/Description of Collateral | Amount of Default to be Cured | Interest Rate (If specified) |
|---|---|---|
| Chase<br>Home<br>3056 Scarlett Dr.<br>Lake Charles, LA. 70611 | 3,060.00 | 0.00% |

6. The Debtor shall make regular payments directly to the following creditors:

| Name/Description of Collateral | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
|---|---|---|---|
| -NONE- | | | |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
**Debtor's Employer: Calcasieu Parish Sheriffs Office**
**$807.69 to be deducted Bi-weekly and remitted to the Trustee**.

8. The following executory contracts of the debtor are:

**Rejected:**

| Other Party | Description of Contract or Lease |
|---|---|
| -NONE- | |

**Assumed:**

| Other Party | Description of Contract or Lease |
|---|---|
| Aarons | Debtor rents to own television in the amount of $125.00 |

9. Property to Be Surrendered to Secured Creditor

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

10. The following liens shall be avoided pursuant to 11 U.S.C. § 522(f), or other applicable sections of the Bankruptcy Code:

| Name/Description of Collateral | Amount of Claim | Description of Property |
|---|---|---|
| -NONE- | | |

11. Title to the Debtor's property shall revest in debtor upon completion of payments under the plan.

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:
    **Income tax refunds for the years 2013, 2014 and 2015 are pledged to the Trustee for payment to creditors. Debtors shall retain however, any Earned Income Credit or Making Work Pay Credit that they receive**.

Date May 2, 2013      Signature /s/ Phillip D. Nolen, Sr.
                                Phillip D. Nolen, Sr.
                                Debtor

Date May 2, 2013      Signature /s/ Kimberly D. Nolen
                                Kimberly D. Nolen
                                Joint Debtor